**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| C.T., and G.T., | |
| Plaintiffs, | Case No.: 1:23-cv-06112 |
| v. | Judge Jeremy C. Daniel |
| Blue Cross and Blue Shield of Illinois, | Magistrate Judge Appenteng |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs C.T. and G.T., through their undersigned counsel, hereby move the Court for summary judgment against Defendant Blue Cross and Blue Shield of Illinois ("BCBSIL").

## OVERVIEW

The medical records Plaintiffs submitted during the prelitigation appeals process for this case only support one conclusion: G.T. needed the residential mental health treatment he received at Change Academy Lake of the Ozarks ("CALO") because he posed a consistent danger to his family and peers without it. Even while he was at CALO, G.T. frequently lashed out violently and abused animals, and his treating clinicians consistently indicated in his records that he needed residential mental health treatment because the people around him would not be safe if he went home. Prior to his treatment at CALO he abused his little sister, attacked his father with sharps, threatened his sister with kitchen knives, frequently attacked people at his school, and showed other signs of intense aggression and emotional disturbance.

BCBSIL had access to G.T.'s records. Despite this, BCBSIL consistently took the position that G.T. did not need any of the residential mental health treatment he received at CALO. Because this conclusion is at odds with the facts in the record, the Court should reverse and award benefits to Plaintiffs.

## STANDARD OF REVIEW

The default standard of review for a denied benefits cause of action is *de novo*.[1] *Firestone Tire & Rubber Co. v. Bruch*. 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989). If a claims administrator can show that it was granted discretionary authority under the terms of a Plan, the district court may review the decision to deny benefits and reverse the decision to deny benefits if it was arbitrary and capricious. *Id.*, *see also Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 885 (7th Cir. 2015). For either standard of review, the Court considers whether the administrator engaged in "selective readings" of evidence "that are not reasonably consistent with the entire picture." *Dominic W. v. N. Tr. Co. Emple. Welfare Benefit Plan*, 392 F. Supp. 3d 907, 916 (N.D. Ill. 2019) (citing *Holmstrom* at 777).

The *de novo* standard of review applies in this instance because the Plan is fully insured and is subject to state law regulating insurance, which includes 50 Ill. Admin. Code § 2001.3. That provision of Illinois state administrative law prohibits the inclusion of plan language that would trigger deferential review in health and disability insurance policies sold or delivered in Illinois. *See, Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 885 (7th Cir. 2015) (upholding § 2001.3 against an ERISA preemption challenge).

While Plaintiffs' cause of action should be reviewed *de novo* without deference to BCBSIL's conclusions, the record in this case provides that BCBSIL's decision to deny benefits was also arbitrary and capricious. Accordingly, its decision would be subject to reversal under any standard of review.

//

---

[1] After reviewing both the record and Defendants' discovery responses, Plaintiffs opted not to further pursue their claim for violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"). Accordingly, Plaintiffs withdraw that cause of action.

## ARGUMENT

**I.    BCBSIL'S DENIALS SHOULD BE REVERSED BECAUSE ITS DENIAL LETTERS FAILED TO RESPOND TO EVIDENCE THAT G.T. NEEDED RESIDENTIAL MENTAL HEALTH TREATMENT.**

BCBSIL's denials must be reversed because its letters show its reviewers ignored the evidence in the medical record that G.T.'s treatment was medically necessary. When reviewers ignore credible evidence that residential treatment is necessary, decisions to deny benefits must be reversed. *See Dominic W. v. N. Tr. Co. Emple. Welfare Benefit Plan*, 392 F. Supp. 3d 907, 919 (N.D. Ill. 2019). In *Dominic W.* the reviewing physicians for Blue Cross:

> ignored the weight of the medical evidence showing that [the patient] continued to require residential treatment. Neither doctor mentioned any of the four letters from medical professionals who had treated (or at the time were actively treating) [the patient], each of whom stated that residential treatment was medically necessary. Though, as the Court mentioned previously, the evaluators were not required to defer to the opinion of her treating physicians, neither were they entitled to altogether ignore credible evidence of her need for residential treatment. *Id.* at 919.

The same thing happened in this case. BCBSIL received medical records that included a medical history from Plaintiff containing *extensive* evidence that G.T. was not safe to return home because he was consistently violent. This included numerous instances of violence that G.T. engaged in while at CALO, violence during home visits from CALO, and repeated opinions from G.T.'s treating clinicians who indicated repeatedly that he needed the residential mental health treatment he was receiving at CALO and would not be safe to go home. Like the reviewers in *Dominic W.*, BCBSIL's reviewers ignored letters, evaluations, and medical records. The court in *Dominic W.* found that perhaps the most glaring error was the reviewers' failure to address the evidence that the patient's treatment at lower levels of care had proven inadequate. *Dominic W.*, 392 F. Supp. 3d 907, 919. Here, the unanimous opinion of all clinicians who had treated G.T. was that he needed longer-term residential treatment. ERISA required BCBSIL to

communicate its "specific reasons for the denial" to Plaintiff as part of its obligation to provide a full and fair review. *Dominic W.* at 916. Because it did not, its decisions were not only erroneous, but also "unreasonable" and subject to reversal. *Id*. at 915.

While the Seventh Circuit has not specifically addressed these issues, the Tenth Circuit has ruled that claims administrators must engage in a full and fair review when evaluating claims for benefits. *D.K. v. United Behav. Health*, 67 F.4th 1224, 1236 (10th Cir. 2023); *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1299-300 (10th Cir. 2023) (both citing 29 U.S.C. 1133). "For the claimant, then, the 'full and fair' administrative review required by ERISA means 'knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.'" *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1300 (10th Cir. 2023) (citing *Sage v. Automation, Inc. Pension Plan & Tr.*, 845 F.2d 885, 893-94 (10th Cir. 1988) (quoting *Grossmuller v. UAW*, Local 813, 715 F.2d 853, 858 n.5 (3rd Cir. 1983)).

Both ERISA and its claim procedure regulations require a full and fair review of denied claims. When benefits are denied, the reasons for the denial must be stated in reasonably clear language. "[I]f the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it. There is nothing extraordinary about this: it's how civilized people communicate with each other regarding important matters." *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1300 (10th Cir. 2023) (quoting *Rasenack ex rel. Tribolet v. AIG Life Ins. Co.,* 585 F.3d 1311, 1326 (10th Cir. 2009) (quoting *Gilbertson v. Allied Signal, Inc*., 328 F.3d 625, 635 (10th Cir. 2003)).

*David P.* describes several errors that will require reversal of a decision to deny benefits. Shifting denial rationale provides one justification for reversing a decision denying benefits. *Id.* at 1309. The failure to engage with the opinions of treating caregivers provides another reason to reverse a decision to deny benefits. *Id.* at 1310-1313. Additionally, administrators like BCBSIL cannot rely on internal notes that were not communicated to the Plaintiffs in denial letters. *Id.* 1313-14. Any denial rationale must have been communicated to the claimant. *Id.* at 1313 (citing *D.K.,* 67 F.4th 1242-43). When denials suffer from such shortcomings, they are arbitrary and subject to reversal. *D.K. v. United Behav. Health*, 67 F.4th 1224, 1243 (10th Cir. 2023); *see also*. *Dominic W.* at 916.

Here, the denial letters did not mention the opinions from clinicians who had worked with G.T. and who opined that he needed residential mental health treatment to keep from indulging in the violence that had characterized his home life prior to CALO. Nor do the denial letters make specific reference to any specific portion of the medical records that BCBSIL contends support its decision to deny treatment. Following the reasoning of *Dominic W.*, *D.K.*, and *David P.*, these failures call for BCBSIL's decision to be reversed because BCBSIL did not provide Plaintiff with a full and fair review of G.T.'s claims.

Further, as in *Dominic W.*, the medical evidence supports a conclusion that G.T.'s treatment at CALO was medically necessary and that benefits should be awarded. *See Dominic W.* at 922-23, *see also* Argument § II, *infra*. The Court should not give BCBSIL another bite at the apple but should instead award benefits to Plaintiff. *See id*.

**II. BCBSIL'S DENIALS SHOULD ALSO BE REVERSED BECAUSE G.T.'S SYMPTOMS DEMONSTRATE HE NEEDED THE RESIDENTIAL MENTAL HEALTH TREATMENT HE RECEIVED AT CALO.**

G.T.'s violence prior to and during his treatment at CALO, including animal abuse, attacks with improvised weapons, destruction of property, and frequent outbursts involving

- 5 -

hitting, underscore his clinicians' conclusions that he needed the residential mental health treatment he received at CALO. The Court should therefore reverse BCBSIL's denial of benefits and order BCBSIL to cover the treatment G.T. received at CALO. The medical records and opinions of G.T.'s treating clinicians support the conclusion that this treatment was medically necessary.

### III. PLAINTIFFS REQUEST AN OPPORTUNITY TO BRIEF PREJUDGMENT INTEREST AND ATTORNEYS' FEES SHOULD THE COURT GRANT SUMMARY JUDGMENT.

If the Court awards summary judgment to Plaintiffs, Plaintiffs request the opportunity to address Plaintiffs' entitlement to an award of prejudgment interest and to reasonable attorneys' fees in a later briefing.

### CONCLUSION

For the foregoing reasons, the Court should award summary judgment to Plaintiffs.

Dated: October 18, 2024.

Respectfully submitted,

        Brian S. King
        BRIAN S. KING, P.C.
        420 East South Temple, Suite 420
        Salt Lake City, UT 84111
        brian@briansking.com

        *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2024, the foregoing was electronically filed with the Court via its CM/ECF system, which will send a notice of electronic filing to the following counsel of record.

Brian S. King<br>
BRIAN S. KING, P.C.<br>
420 East South Temple, Suite 420<br>
Salt Lake City, UT 84111<br>
brian@briansking.com<br>
<br>
*Attorney for Plaintiffs*