UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C.T., and G.T., <br><br> Plaintiffs, <br><br> v. <br><br> Blue Cross and Blue Shield of Illinois, <br><br> Defendant. | Case No.: 1:23-cv-06112 <br><br> Judge Jeremy C. Daniel <br><br> Magistrate Judge Appenteng |

## OPPOSITION TO BCBSIL'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs C.T. and G.T., through their undersigned counsel, hereby oppose the motion for summary judgment filed by Defendant Blue Cross and Blue Shield of Illinois ("BCBSIL").

## OVERVIEW

G.T.'s medical records, which Plaintiffs submitted to BCBSIL as part of the prelitigation appeals process, are unrefuted. They demonstrate that G.T. posed a consistent danger to his family and peers and needed the residential mental health treatment he received at Change Academy Lake of the Ozarks ("CALO") to improve. They further demonstrate that even while G.T. was at CALO he frequently lashed out violently and abused animals, and his treating clinicians consistently indicated in his records that he needed residential mental health treatment because the people around him would not be safe if he went home. Prior to his treatment at CALO he abused his little sister, attacked his father with sharps, threatened his sister with kitchen knives, frequently attacked people at his school, and showed other signs of intense aggression and emotional disturbance.

Nothing in BCBSIL's motion meaningfully demonstrates that it made the right call when it decided G.T.'s treatment at CALO was not medically necessary. Accordingly, the Court should deny BCBSIL's motion for summary judgment.

# ARGUMENT

## I. BCBSIL'S DENIAL LETTERS WERE SO DEFICIENT AS TO RENDER ITS DENIALS AN ABUSE OF DISCRETION.

BCBSIL's denial letters did not engage with Plaintiffs' arguments, the opinions from G.T.'s treating clinicians, or any portion of G.T.'s medical records. As a Northern District of Illinois court noted in *Dominic W. v. N. Tr. Co. Emple. Welfare Benefit Plan*, this could provide an independent basis for the Court to reverse Defendants' denials. 392 F. Supp. 3d 907, 919 (N.D. Ill. 2019) (faulting reviewers for ignoring "the weight of the medical evidence showing" that a patient needed residential treatment).

BCBSIL received medical records that included a medical history from Plaintiff containing extensive evidence that G.T. was not safe to return home because he was consistently violent. This included numerous instances of violence that G.T. engaged in while at CALO, violence during home visits from CALO, and repeated opinions from G.T.'s treating clinicians who indicated repeatedly that he needed the residential mental health treatment he was receiving at CALO and would not be safe to go home. Like the reviewers in *Dominic W.*, BCBSIL's reviewers opted not to acknowledge or engage with this information. The Court should join the *Dominic W.* court and others across the nation in finding this to be a reversible error. *See id.*; *see also Dwyer v. United Healthcare Ins. Co.*, 115 F.4th 640 (5th Cir. 2024) (faulting ERISA administrator's for similarly threadbare and conclusory denial letters), *D.K. v. United Behav. Health,* 67 F.4th 1224 (10th Cir. 2023) (same), *David P. v. United Healthcare Ins. Co.,* 77 F.4th 1293 (10th Cir. 2023) (same).

//

//

## II. BCBSIL HAS NOT ADVANCED A CREDIBLE ARGUMENT THAT G.T. DID NOT NEED THE RESIDENTIAL MENTAL HEALTH TREATMENT HE RECEIVED AT CALO.

BCBSIL maintains that "the record lacks evidence of severe dysfunction in G.T.'s daily living, aside from his baseline behaviors" and "G.T. did not exhibit symptoms that were so severe as to require the 24-hour intensive treatment RTC provides." *See* ECF Doc. No. 74 at 2, 6. This claim is belied by the actual facts in the record, which demonstrate that G.T. was physically violent while at CALO and that his treating providers consistently indicated he had a "continued need for RTC level of care." *See, e.g.,* the incidents documented at ECF Doc. No. 79 (Plaintiffs' statement of undisputed material facts) ¶¶ 45.a-ooo (reporting numerous incidents where G.T. demonstrated severe dysfunction in his daily living, as well as numerous times CALO staff reported his family would not be safe if G.T. did not receive more residential treatment). Put simply, this is not a close call.[1]

Because the evidence in the record supports the conclusion reached by G.T.'s treating providers that he needed the residential treatment he received at CALO, the Court should reverse BCBSIL's denials.

//

//

//

//

//

---

[1] Further, Plaintiffs note that if a patient's "baseline" is as violent and mentally ill as G.T. was, that warrants residential mental health treatment. The "baseline" for a child with cancer is arguably "cancer," but no one would accept that as a valid reason for an ERISA administrator to deny chemotherapy. The Court should not entertain BCBSIL's attempt to handwave G.T.'s symptoms as "baseline" in order to argue that he did not need treatment.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion for summary judgment.

Dated: November 22, 2024.

Respectfully submitted,

                Brian S. King
                BRIAN S. KING, P.C.
                420 East South Temple, Suite 420
                Salt Lake City, UT 84111
                brian@briansking.com

                *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2024, the foregoing was electronically filed with the Court via its CM/ECF system, which will send a notice of electronic filing to the following counsel of record.

                Brian S. King
                BRIAN S. KING, P.C.
                420 East South Temple, Suite 420
                Salt Lake City, UT 84111
                brian@briansking.com

                *Attorney for Plaintiffs*